Jacob Markowitz, J.
(dissenting). I dissent and vote to reverse.
The majority opinion assumes that a repossession as contemplated by section 79 has taken place, and then proceeds to nullify its effect on the ground that procedural precedents were ignored. There is no quarrel with the conclusion of the majority once the fact that a repossession has occurred is accepted. It is my opinion that true analysis of the facts indicates that no such repossession had occurred, or at least a question of fact exists as to whether there was such repossession.
Under the Uniform Conditional Sales Act, a conditional vendor had multiple remedies. He could rescind. He could treat the transaction as an absolute sale and sue for the balance of the price. He could disaffirm and repossess the goods sold. It is not incumbent upon him to resort to one remedy as opposed to any other. In the instant case the seller resorted to means other than actual repossession which were legally available to him. Without taking the property back, it bought, at the assignee’s sale, the buyer’s interest in the goods and merged it with its own title. It then sold these merged interests to another.
Section 79, if utilized, appears to contemplate a physical retaking by removal from the buyer’s premises by means of self help or court decree. If repossession is effected, the buyer’s right to redeem is protected by the section. A further protection is afforded by requiring a public sale to fend off unreasonable deficiencies.
Section 79 recognizes a right in the conditional seller to retake the goods when the buyer is in default. This remedy is readily applicable to movable goods such as automobiles, inventories, and the like. It is not practical when applied to trade fixtures such as the refrigeration equipment here in question where the value of repossession as a security factor is diminished. Trade fixtures have more value to a seller on a buyer’s default if, as here, they are left in place and sold to the next occupant of the premises. Generally speaking, a rash and hasty repossession of such goods by the conditional seller does more damage to the original buyer, since such items upon removal usually bring in less of a return on resale. Thus the original buyer might find himself liable not only for the cost of removal, but for a deficiency greater than might have otherwise been experienced. To penalize the seller at bar, who acted not only within his legal rights, but also perhaps prudently, by equating what he did to an actual repossession, would add a distortion into the law totally unintended by its drafters. An optional or alternative remedy such as section 79 affords would be totally distorted into a mandatory *456 one — and one which, when dealing with trade fixtures, might readily result in gross inequities to the buyer. ■
The purchase by the seller of the buyer’s interest resulted merely in a merger of title and was not of itself a repossession within the meaning of section 79. While the record is not quite clear as to this, it might be that in addition to a merger of interests, the seller might have acted in such a manner with respect to the goods which amounted to such exercise of dominion or control over the property which may be considered tantamount to repossession. This is a factual issue and should be reserved for a trial.
If it is found that there was no repossession, the buyer would not be necessarily rendered vulnerable to outrageous deficiencies controlled by the seller. In circumventing section 79 and avoiding a public sale on notice and other safeguards available to the buyer, the seller in the instant case still had the obligation to minimize damages. Inquiry could be made at the trial as to whether the seller reasonably minimized his damages or so controlled the second sale so as to heighten the original buyer’s deficiency.
The order below should, therefore, be reversed and the matter be set down for trial on the issues of repossession and damages.
ITofstadter and Streit, JJ., concur in Per Curiam opinion; Markowitz, J., dissents in opinion.
Order affirmed, etc.